UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD CRAIG COLLICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CROTHALL SERVICES GROUP, *et al.*, ) <br> ) <br> ) <br> Defendants. ) <br> _____) | CASE NO.  C05-738RSM <br><br> ORDER DENYING <br> MOTION FOR APPOINTMENT <br> OF COUNSEL |

This matter comes before the Court on plaintiff's Motion for Appointment of Counsel. (Dkt. #4).  Plaintiff initially filed an employment discrimination case pursuant to Title VII of the Civil Rights Act of 1964 on April 22, 2005, alleging wrongful termination and sexual harassment.  (Dkt. #3).  Defendants have not yet been served with the Complaint; however, this Court recently directed the Clerk to serve a copy of the Complaint, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, and a Waiver of Service of Summons, pursuant to plaintiff's *in forma pauperis* ("IFP") status.

The Court, having considered plaintiff's motion, and the remainder of the record, hereby ORDERS:

(1)  Plaintiff's Motion for Appointment of Counsel (Dkt. #4) is DENIED.  Title VII provides for appointment of counsel in employment discrimination cases "in such circumstances as the Court may deem just."  42 U.S.C. § 2000e-5(f)(1).  In exercising this broad statutory mandate, the Court must assess three factors: (1) plaintiff's financial resources; (2) the efforts made by plaintiff to secure counsel; and (3) whether plaintiff's claim has merit.  *Bradshaw v.*

ORDER
PAGE – 1

*Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

     a. <u>Plaintiff's Financial Resources</u>: Plaintiff has submitted an adequate financial affidavit demonstrating a lack of financial resources to secure private counsel, and has been granted IFP status in this case. (Dkt. #2).

     b. <u>Efforts to Secure Counsel</u>: Plaintiff has failed to demonstrate an effort to secure counsel. He states that he has contacted "different attorneys" in the area, but none of them agreed to take his case. However, he fails to state how many attorneys he contacted, and over what period of time.

     c. <u>Merits of the Claim</u>: At this early stage of litigation, the Court cannot determine whether plaintiff's claim has any merit. However, plaintiff has apparently submitted a complaint to the Equal Employment Opportunity Commission ("EEOC"), where it was determined that there was no substantial evidence of any sexual harassment. Plaintiff has submitted no additional statement showing why his claim has merit. In addition, although plaintiff states that the EEOC issued him a Right-to-Sue Letter, no such letter was attached to his Complaint as required. The remainder of the Complaint contains vague and conclusory allegations, from which the Court cannot yet determine whether plaintiff has a meritorious employment discrimination claim.

The Court's resources for Court-appointed counsel are limited, and must be reserved for those who have demonstrated a need therefor. Plaintiff has not met these requirements. Accordingly, plaintiff's application for appointment of counsel must be denied at this time.

(2) Nothing in this Order prevents plaintiff from renewing his Motion to Appoint Counsel with the additional information required by this Court.

(3) The Clerk shall direct a copy of this Order to plaintiff.

DATED this 19th day of May, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE